UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KAITLYN MARIE McGEE,

                       Plaintiff,

     -against-

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
-------------------------------------------------------------------X

<u>For Online Publication Only</u>

**MEMORANDUM & ORDER**
20-CV-03716 (JMA)

**APPEARANCES**

    Howard D. Olinsky , Esq
    250 S. Clinton Street, Suite 210
    Syracuse, New York 13202
    *Attorney for Plaintiff*

    Dennis J. Canning
    SSA-Office of the General Counsel
    601 E. 12th St, Suite 965
    Kansas City, MO 64106-2898
    *Attorney for Defendant*

**AZRACK, United States District Judge:**

Plaintiff Kaitlyn Marie McGee ("Plaintiff" or "McGee") seeks review of the final administrative decision by the Commissioner of Social Security ("Defendant" or "Commissioner"), reached after a hearing before an administrative law judge ("ALJ"), denying her application for Social Security Supplemental Security Income benefits under Title XIV of the Social Security Act (the "Act"). Before the Court are the parties' cross-motions for judgment on the pleadings. (ECF Nos. 12, 13.) Plaintiff also filed a reply brief. (ECF No. 14.) Because the Court finds that the ALJ's decision was supported by substantial evidence and applied the proper legal standards, Plaintiff's motion for judgment on the pleadings is DENIED, and the Commissioner's motion for judgment on the pleadings is GRANTED.

## I. BACKGROUND

Plaintiff filed her application for Title XIV Supplemental Security Income benefits on September 1, 2016, alleging a disability onset date of January 14, 2016, due to anxiety, depression, and attention deficit hyperactivity disorder. (Tr. 15, 59-60, 150-55)[1]; see also (ECF No. 1, Complaint ("Compl.")).

Following the denial of her application on November 22, 2016 (Tr. 79, 87), Plaintiff requested a hearing and was represented by counsel at an administrative hearing on August 7, 2019 before ALJ Sujata Rodgers ("ALJ Rodgers"). (Tr. 12-28.) Kenneth R. Smith, an impartial vocational expert, also appeared and testified at the hearing. (Tr. 54-55.)

## II. LEGAL STANDARDS

### A. Scope of Judicial Review

In reviewing a denial of disability benefits by the Social Security Administration ("SSA"), it is not the function of the Court to review the record de novo, but to determine whether the ALJ's conclusions "are supported by substantial evidence in the record as a whole or are based on an erroneous legal standard." Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998) (quoting Beauvior v. Chater, 104 F.3d 1432, 1433 (2d Cir. 1997)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

"To determine whether the findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." Snell v. Apfel, 177 F.3d 128, 132 (2d Cir. 1999)

---

[1] The page numbers refer to the sequential numbering of the Administrative Record provided on the bottom right corner of the page, not the numbers produced by this District's Electronic Case Filing System.

(quoting Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1984) (per curiam)).  Thus, the Court will not look at the record in "isolation but rather will view it in light of other evidence that detracts from it."  State of New York ex rel. Bodnar v. Sec. of Health and Human Servs., 903 F.2d 122, 126 (2d Cir. 1990).  An ALJ's decision is sufficient if it is supported by "adequate findings . . . having rational probative force."  Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002).

### B. Standard to Determine Disability

Under the Act, "disability" is defined as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  An individual is disabled when her "physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

The Commissioner's regulations set out a five-step sequential analysis by which an ALJ determines disability.  See 20 C.F.R. §§ 404.1520, 416.920.  The analysis is summarized as follows:

> [I]f the Commissioner determines (1) that the claimant is not working, (2) that [s]he has a "severe impairment," (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in [her] prior type of work, the Commissioner must find [her] disabled if (5) there is not another type of work the claimant can do.

3

Brugess v. Astrue, 537 F.3d 117, 120 (2d Cir. 2008) (quoting Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003)). At step four, the Commissioner determines the claimant's residual functional capacity ("RFC") before deciding if the claimant can continue in his prior type of work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The claimant bears the burden at the first four steps; but at step five, the Commissioner must demonstrate that "there is work in the national economy that the claimant can do." Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009).

Conversely, a remand for further proceedings is warranted when the Commissioner has failed to provide a full and fair hearing, to make explicit findings, or to have correctly applied the law and regulations. 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."); see Rosa v. Callahan, 168 F.2d 72, 82–83 (2d Cir. 1999).

### III. DISCUSSION

**A. The ALJ's Decision**

In a decision dated August 23, 2019 (the "Decision"), ALJ Rodgers found that Plaintiff was not disabled under the Act and thus denied Plaintiff's claims. (Tr. 12-32.)

Following the five-step process set forth above, ALJ Rodgers determined that Plaintiff had met the insured status requirements of the Act; had not engaged in substantial gainful activity since the alleged onset date; and had the severe, medically determinable impairments of anxiety and organic mental disorder, neither of which were an impairment or combination of impairments listed in Appendix 1. (Tr. 17-18.)

At the fourth step, ALJ Rodgers determined Plaintiff retained the RFC to perform work at all exertional levels with some mild mental limitations. Plaintiff had the ability to understand,

remember and carry out simple and routine instructions for 2-hour intervals over the course of an 8-hour workday and 40-hour workweek. (Tr. 21.)

Based on this RFC in conjunction with the hearing testimony from an impartial vocational expert, ALJ Rodgers determined that Plaintiff could perform work as a janitor, stock clerk, and clean[er]. (Tr. 27-28, 54–55.) Accordingly, ALJ Rodgers concluded that Plaintiff was not disabled, as defined by the Act, from January 14, 2016 through the date of her decision. (Tr. 18.) The Appeals Council denied Plaintiff's request for review on June 11, 2020, at which time the Decision became the final decision of the Commissioner. (Tr. 1–6.) This appeal followed. (See ECF No. 1.)

**B. Plaintiff's Challenge**

Plaintiff asserts one point of error in support of her motion for judgment on the pleadings. (ECF No. 12, ("Pl.'s Mem. of Law.")) Specifically, Plaintiff argues that the ALJ's RFC is not supported by substantial evidence because the ALJ afforded "great weight" to the opinion of consultative examiner, Stefani Seiden, Psy.D. ("Dr. Seiden"), but subsequently failed to incorporate Dr. Seiden's stress limitations in the RFC and failed to make any individualized findings regarding Plaintiff's stress. (Id. at 9–12.) Plaintiff argues this constitutes a harmful error and thus requires remand. (Id. at 12.)

In opposition, the Commissioner counters that the ALJ's Decision is supported by substantial evidence. (ECF No. 13, ("Def.'s Mem. of Law.")) The Commissioner contends that the ALJ properly evaluated the entire record, including Dr. Seiden's opinion, summarized the relevant evidence, and appropriately provided the basis for the RFC. (Id. at 15–19.) The Commissioner asserts that remand is not warranted, because the RFC adequately accounts for the Plaintiff's stress-limitations. (Id.)

5

Having carefully reviewed the record, the Court agrees with the Commissioner and finds that ALJ Rodgers' Decision properly applied the regulations and is supported by substantial evidence in the record.

**1. The RFC Determination is Supported by Substantial Evidence in the Record**

An RFC determination specifies the "most [a claimant] can still do despite [the claimant's] limitations." Barry v. Colvin, 606 F. App'x 621, 622 n.1 (2d Cir. 2015) (summary order); see Crocco v. Berryhill, No. 15-CV-6308, 2017 WL 1097082, at *15 (E.D.N.Y. Mar. 23, 2017) (stating that an RFC determination indicates the "nature and extent" of a claimant's physical limitations and capacity for work activity on a regular and continuing basis) (citing 20 C.F.R. § 404.1545(b)).

In determining a claimant's RFC, "[t]he Commissioner must consider objective medical evidence, opinions of examining or treating physicians, subjective evidence submitted by the claimant, as well as the claimant's background, such as age, education, or work history." Crocco, 2017 WL 1097082, at *15; see also Barry, 606 F. App'x at 622 n.1 ("In assessing a claimant's RFC, an ALJ must consider 'all of the relevant medical and other evidence,' including a claimant's subjective complaints[].") (quoting 20 C.F.R. § 416.945(a)(3)).

"When determining a claimant's RFC, the ALJ . . . is not required to accept the claimant's subjective complaints without question . . . ." Genier v. Astrue, 606 F.3d 46, 49 (2d Cir. 2010) (internal citations omitted). There is also "no legal requirement that the ALJ rely on a medical opinion in every case to formulate the RFC." Moxham v. Comm'r of Soc. Sec., No. 3:16-CV-1170, 2018 WL 1175210, at *7 (N.D.N.Y. Mar. 5, 2018). "Rather, the ALJ has the responsibility of reviewing all the evidence, resolving inconsistencies, and making a determination consistent

with the evidence as a whole." Id. (citations omitted). An RFC determination must be affirmed on appeal where it is supported by substantial evidence in the record. Barry, 606 F. App'x at 622 n.1.

In the instant case, ALJ Rodgers made the following determination regarding Plaintiff's RFC:

> [Plaintiff] can perform work at all exertional levels. She can understand, remember, and carry out simple and routine instructions for 2-hour intervals over the course of an 8-hour workday and 40-hour workweek. She can adapt to routine changes in the work environment. She can tolerate occasional interaction with coworkers and supervisors but cannot perform work that requires interaction with the general public as a function of the job. She can [perform] work that is independent in nature as opposed to tandem or team based.

Tr. 21.

In a nutshell, Plaintiff's argument for remand is that the RFC fails to state and account for her "heightened stress levels" associated with her mental impairments. (Pl.'s Mem. of Law. at 13.) Specifically, Plaintiff points out that the RFC makes no explicit mention of stress despite relying on the opinion of Dr. Seiden. (Id.) However, the medical source statement submitted by Dr. Seiden had opined that Plaintiff exhibited:

> no evidence of limitations to follow and understand simple directions; no evidence of limitations to perform simple tasks independently; no evidence of limitations to maintain attention and concentration; no evidence of limitations to maintain a regular schedule; no evidence of limitations to learn new tasks, no evidence of limitations to perform complex tasks independently; no evidence of limitations to make appropriate decisions; no evidence of limitations to relate adequately with others. [Plaintiff] is moderately limited to appropriately deal with stress.

Tr. 363-364. Dr. Seiden further stated that "the results of [Plaintiff]'s examination appears to be consistent with psychiatric problems, but in itself, this does not appear to be significant enough to interfere with the [Plaintiff]'s ability to function on a daily basis." (Tr. 364.) (emphasis added).

Here, the Court is satisfied that the ALJ's Decision adequately accounted for Plaintiff's stress limitations. First, Plaintiff's sole focus on one line in Dr. Seiden's medical source statement

7

is belied by Dr. Seiden's other findings, and the fuller record, which the ALJ thoroughly summarized in the well-reasoned Decision. It is clear that ALJ Rodgers considered Dr. Seiden's opinion, which overall had found that Plaintiff's limitations were simply not disabling. (Tr. 363-364.) Further, as the Commissioner notes, none of Plaintiff's medical sources ever indicated that she could not handle any stress at all. (Def.'s Mem. of Law at 22.)

Second, contrary to Plaintiff's contentions, a court reviewing an ALJ's evaluation of stress-based limitations does not require an exhaustive analysis of every issue. "So long as the decision reveals that the ALJ considered and accounted for stress limitations—even if not in the most explicit terms—remand is not warranted." Gomez v. Comm'r of Soc. Sec., No. 18-CV-96, 2020 WL 1322565, at *4 (W.D.N.Y. Mar. 20, 2020) (citation omitted). Here, the ALJ specifically noted that Plaintiff's ability to perform work had been compromised by non-exertional limitations and accordingly eliminated work positions that required interaction with the general public as a function of the job. (Tr. 21.) This finding was clearly based on Plaintiff's stress limitations provided in the record. See e.g., Ridosh v. Berryhill, No. 16-CV-6466, 2018 WL 6171713, at *4 (W.D.N.Y. Nov. 26, 2018) (holding that an RFC that limited plaintiff to occasional interaction with co-workers and the public, and the performance of simple, routine tasks, sufficiently accounted for stress limitations). In her papers, Plaintiff fails to explain how the RFC's non-exertional limitations do not account for her stress limitations and does not cite any binding authority to the contrary.

Of relevance, the ALJ also heard testimony from Plaintiff about her anxiety and stress from interacting with others; however, the ALJ noted that Plaintiff's testimony was not supported by the record as a whole. (Tr. 26.) For example, Plaintiff denied ever having a job despite the record indicating that as a full-time college student she maintained a part-time data entry position. (Tr.

8

398, 407, 418, 428.) Plaintiff also claimed that she had little to no friends despite attending concerts with them and living with her boyfriend. (Tr. 428.) Plaintiff even admitted to having independently changed the dosage of her medications, which can affect her stress levels, without consulting her doctor. (Tr. 418.) Plaintiff does not argue that the ALJ erred in considering this evidence in the record, which supports the ALJ's RFC finding regarding Plaintiff's ability to work and have some interactions with others. Accordingly, while ALJ Rodgers' Decision made no explicit mention of "stress," the positions the ALJ identified in consultation with the testifying vocational expert accounted for Plaintiff's limitations. See, e.g., Figgins v. Berryhill, 2017 WL 1184341, at *10 (W.D.N.Y. Mar. 29, 2017) ("The ALJ may not have mentioned stress explicitly, but the ALJ implicitly incorporated the effects that stress would have on plaintiff in the RFC and the questions asked of the vocational expert."). The Court affirms the Commissioner's decision.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for judgment on the pleadings and GRANTS the Commissioner's cross-motion. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**SO ORDERED.**

Dated: August 29, 2022
Central Islip, New York

    /s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE